[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Richard Bohannon, was tried by a jury, found guilty, and convicted for burglary, misuse of a credit card, and receiving stolen property. Bohannon claims that his conviction violated his right to confront witnesses and was against the manifest weight and sufficiency of the evidence. Bohannon also claims that he was denied effective assistance of counsel. We disagree.
The Confrontation Clause ensures that no one will be convicted without being given the opportunity to confront and cross-examine witnesses at trial. State v. Gilliam (1994), 70 Ohio St.3d 17,635 N.E.2d 1242, citing Lee v. Illinois (1986),476 U.S. 530, 106 S.Ct. 2056. When the state seeks to introduce a nontestifying accomplice's statement, it no longer may be admitted as evidence of guilt of the defendant if it falls within a firmly rooted hearsay exception. See State v. Madrigal (2000), 87 Ohio St.3d 378,386, 721 N.E.2d 52, 62, overruling the contrary holding in State v. Gilliam, supra. To overcome a violation of the Confrontation Clause, the statement must bear adequate indicia of reliability or be supported by a particularized guarantee of trustworthiness. See Madrigal at 386, 721 N.E.2d at 62; see, also, Lilly v. Virginia (1999), 527 U.S. 116, 119 S.Ct. 1887. But even if such a statement is erroneously admitted, this court need not reverse the conviction if the admission of the statement is harmless. See Lilly, supra; Madrigal, supra.
Clause rights were violated because, pursuant to Lilly, a nontestifying accomplice's statement that tends to shift blame to others is inherently unreliable and does not bear adequate indicia of reliability. See Lilly, supra; Madrigal, supra. Despite this, we hold — based upon the overwhelming evidence of guilt aside from the erroneously admitted statement, including Bohannon's incriminating statement made to the arresting officer — that the admission of the nontestifying accomplice's statement was harmless. See Chapman v. California (1967), 386 U.S. 18,87 S.Ct. 824; Delaware v. Van Arsdall (1986), 475 U.S. 673, 106 S.Ct. 1431;Schneble v. Florida (1972), 405 U.S. 427, 92 S.Ct. 1056; Madrigal,supra. Therefore, we overrule Bohannon's first assignment of error.
Bohannon claims, in his second assignment of error, that he was denied effective assistance of counsel. In order to demonstrate ineffective assistance of counsel, Bohannon must show that, but for counsel's unprofessional errors, the outcome of the trial would have been different. See State v. Stojetz (1999),84 Ohio St.3d 452, 705 N.E.2d 329, citing Strickland v. Washington
(1984), 466 U.S. 668, 104 S.Ct. 2052. Bohannon cites as ineffective assistance his counsel's failure to call a witness who may have been able to impeach the credibility of the erroneously admitted statement of the nontestifying accomplice. Bohannon and his counsel discussed this issue at length on the record. The court asked Bohannon whom he wanted to call as witnesses in addition to those listed on the defense witness list. Bohannon stated that there were two individuals who would testify that Bohannon's accomplices knew one another. The state stipulated to the testimony of Bohannon's proposed witnesses, and the case proceeded without further objection from Bohannon. We hold that Bohannon has failed to demonstrate that counsel's actions were ineffective. We, therefore, overrule Bohannon's second assignment of error.
In Bohannon's third assignment of error, he claims that his conviction was contrary to the manifest weight of the evidence and was based upon insufficient evidence. Sufficiency and weight of the evidence are separate concepts that may lead to different results. If a conviction is not based upon sufficient evidence, then the defendant must be set free because the state has not met its burden to produce evidence to satisfy each and every element of the charged offense. See State v. Thompkins (1997),78 Ohio St.3d 380, 678 N.E.2d 541. Conversely, if the conviction is contrary to the manifest weight of the evidence, then the defendant is entitled to a new trial because, although there is sufficient evidence to meet the elements of the charged offense, the burden of persuasion to support a conviction beyond a reasonable doubt has not been met. See id. If we determine that there is substantial evidence to support all of the elements of the charged offense and that the evidence is sufficiently probative of guilt, we will not reverse on either the sufficiency or the weight of the evidence. See State v. Barnes (1986),25 Ohio St.3d 203, 495 N.E.2d 922; Thompkins, supra.
The record in this case demonstrates that Bohannon, by his own admission, was the driver of a vehicle that carried two other individuals, one of whom burglarized two locations. Evidence was presented that tied Bohannon's car to one of the burglaries via his license-plate number. Additionally, witnesses testified that they recognized Bohannon's coat, which had been worn by the accomplice who committed the burglary. Thus, based upon complicitor liability, Bohannon was guilty of burglary. As to the offense of misuse of a credit card, Bohannon's license-plate number was tied to the purchase of gasoline and other merchandise. Finally, the police recovered stolen watches from Bohannon's car. Testimony was presented that the watches belonged to one of the victims. Thus, the charge of receiving stolen property was properly supported by the evidence. Based upon the overwhelming evidence of guilt — aside from the erroneously admitted statement of the nontestifying accomplice — we hold both that there was substantial evidence to satisfy the elements of the charged offenses, and that the evidence was sufficiently probative of guilt beyond a reasonable doubt. Therefore, we overrule Bohannon's third assignment of error.
Having overruled all of Bohannon's assignments of error, we affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
 ___________________________ PRESIDING JUDGE HILDEBRANDT
 HILDEBRANDT, P.J., SUNDERMANN and WINKLER, JJ.